E-FILED
Thursday, 17 September, 2020  03:46:32 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 10-10121** |
| | ) | |
| RICKY REDDING, | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER AND OPINION

This matter is now before the Court on Defendant Redding's Motions for Compassionate Release (D. 33, 39) and the Government's Response (D. 44). For the reasons set forth below, Defendant's Motions are DENIED.

### BACKGROUND

Defendant pleaded guilty on February 25, 2011, to a three-count Indictment charging him with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g); Possession of Cocaine Base with the Intent to Distribute, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(B); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). (D. 26 at 4). Defendant was considered a career offender because he had two prior convictions for armed robbery and manufacture/delivery of a controlled substance. *Id*. at 8. On July 10, 2012, Defendant was sentenced to 216 months imprisonment. (D. 28).

Defendant is currently housed at FCI Cumberland in Maryland, and his projected release date is February 27, 2028. (D. 44-5). Following his release, Defendant will serve three years of supervised release on Count 1, eight years on Count 2, and five years on Count 3 (all terms to run concurrently). (D. 28 at 3).

On June 12, 2020, Defendant filed a request with the warden for compassionate release, and the warden denied his request on June 24, 2020. (D. 44-4). On July 10, 2020, Defendant filed a Motion for Compassionate Release. (D. 33). On August 6, 2020, appointed counsel filed an Amended Motion for Compassionate Release on his behalf. (D. 39). On August 11, 2020, the Government filed its Response in opposition to compassionate release. (D. 44). This Order follows.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons (BOP) file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1).

If an inmate has a chronic medical condition identified by the Centers for Disease Control (CDC) as elevating the inmate's risk of becoming severely ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." A chronic condition reasonably may be found to be "serious" and to "substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility." USSG § 1B1.13, cmt. n.1(A)(ii)(I).

2

"The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See, e.g., United States v. Melgarejo*, 2020 WL 2395982 at *5 (C.D. Ill. May 12, 2020). Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id*. at 5–6.

Finally, a court must deny a sentence reduction unless it determines that a defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

## DISCUSSION

Defendant seeks compassionate release due to medical conditions that increase his risk for severe illness if he contracts COVID-19. (D. 39 at 4). Defendant suffers from Type II diabetes, is insulin dependent, and takes oral medications. *Id*. He also suffers from hypertension, takes three medications to control high blood pressure, and uses a CPAP machine due to sleep apnea. *Id*. Defendant also states that physical conditions place him at an increased risk for severe illness. *Id*. Defendant has a BMI of 35, which according to the CDC, increases his risk for severe illness. *Id*. (citing  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited 8/10/20)). When Defendant filed his Motion, one staff member at FCI Cumberland had tested positive and six inmates and five staff members had recovered from the virus. (D. 39 at 5). Defendant believes the BOP's approach to containing the outbreak in its facilities is inadequate. *Id*.

Defendant also argues that he will not be a danger to the community if released because he has learned from his past, served about half of his sentence, will be on supervised release for eight

3

years after his release, and has an active support group. *Id*. at 7. Additionally, he received a degree in Christian counseling, completed substance abuse programming, and worked on a plumbing crew. *Id*.

Finally, he argues that his release plan is suitable. *Id*. at 8. According to the release plan, Defendant would live with his ex-wife, Demetria Gaines, who is employed full-time at OSF Hospital in Peoria, Illinois. (D. 36 at 1-2).

The Government agrees that Defendant exhausted his administrative remedies and that his medical condition may establish an extraordinary and compelling reason for a reduced sentence; however, the Government opposes his Motion because Defendant's history and characteristics establish that his early release would present a danger to the community. (D. 44 at 12-13).

Further, the Government notes that Defendant qualified as a career offender who has at least two prior convictions for crimes of violence and one controlled substance offense. *Id*. at 13. Defendant started selling drugs within only two days of his release from the Illinois Department of Corrections after serving five years for the manufacture/delivery of a controlled substance. (D. 44 at 13; D. 26 at 13-14). In the instant case, Defendant was responsible for 32.6 grams of heroin, 116.3 grams of cocaine base, and 18 ounces of powder cocaine and was in possession of three firearms. *Id*. (citing D. 26 at 7-8). Defendant, who is classified as being at medium risk for recidivism, committed another federal offense while in custody and lost good time credit for violations related to the introduction and use of drugs/alcohol. (Docs. 44 at 14, 44-3, 44-5, 44-7).

The Government contends that Defendant's release plan is inadequate. (D. 44 at 13). Defendant plans to live with his ex-wife, but there was no reference to his marriage to Ms. Gaines in the Presentence Report. *Id*.

Finally, the Government argues that, under the § 3553(a) factors, granting Defendant's early release would not reflect the seriousness of an offense involving drug trafficking and possession of firearms, promote respect for the law, or provide just punishment. *Id.*

The Court agrees that Defendant has established extraordinary and compelling reasons for a sentence reduction due to his medical conditions, namely diabetes, which places him at a higher risk for developing severe illness from COVID-19. That being said, the Court cannot grant a sentence reduction in this case because consideration of the § 3553(a) factors do not warrant early release.

Based on his criminal history and conduct, the Court finds that Defendant would pose a danger to the community if he was immediately released. Previously, Defendant served a five-year sentence for manufacture/delivery of a controlled substance. (D. 26 at 13). Merely 48 hours after his release from prison, he began selling narcotics. *Id.* at 5. During the next four weeks, he purchased "four and a split" (4 ½ ounces of powder cocaine) for a total of 18 ounces. *Id.* at 6. Defendant knew how to cook powder into cocaine base and described himself as a "chef." *Id.*

Defendant is currently serving a total term of 216 months after he pleaded guilty to violations including Felon in Possession of a Firearm; Possession of Cocaine Base with the Intent to Distribute; and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (D. 28 at 1). A substantial portion of Defendant's sentence remains; he is not scheduled to be released until February 27, 2028.

Further, the Court notes that Defendant has had disciplinary infractions while incarcerated. He was charged and convicted for Attempted Possession of Contraband by a Federal Inmate, in violation of 18 U.S.C. §§ 1791(A)(2) and (B)(1), and sentenced to 24 months' imprisonment consecutive to the instant case. *United States v. Redding*, No. 18-cr-30092, ECF Doc. 58 (S.D. Ill.

March 19, 2019). (Docs. 44-1, 44-2). Additionally, he was sanctioned for the introduction of drugs/alcohol on January 4, 2017, and February 1, 2017. (D. 44 at 4).

Accordingly, the Court finds that his early release would not be justifiable under the § 3553(a) factors.

**CONCLUSION**

For the reasons set forth above, Defendant's Motions for Compassionate Release [33], [39] are DENIED.

Entered this 17th day of September, 2020.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge